E-FILED
Friday, 22 March, 2013  02:46:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 12-cr-30042 |
| REGINA R. EVANS, | ) ) ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant's Motion to Allow Witness to Testify Via Videoconference Equipment (d/e 43) (Motion). For the reasons set forth below, the Motion is ALLOWED.

### BACKGROUND

On April 4, 2012, Defendant Regina Evans was charged with mail fraud and money laundering, in violation of 18 U.S.C. §§ 1341 and 1957. On April 20, 2012, Regina Evans made her first appearance, entered a plea of not guilty, and was released on bond. Minute Entry entered April 20, 2012.

On March 15, 2013, Regina Evans was charged in a Criminal Complaint with conspiracy to commit witness tampering and obstruction of justice, in violation of 18 U.S.C. §§ 371, 1503(a), and 1512(b)(1). United

States v. Evans, Case no. 13-mj-2013 (2013 Case), Criminal Complaint (Docket 13-mj-03013 d/e 1) (Criminal Complaint).  On March 15, 2013, Regina Evans appeared in the 2013 Case, was made aware of the charges and was detained temporarily.  Regina Evans asked for a continuance on the preliminary hearing and detention hearing, which the Court allowed.  The Court continued the preliminary hearing and detention hearing to March 25, 2013, at 10:30 a.m.  2013 Case Minute Entry entered March 15, 2013.

On March 15, 2013, the Government filed a Motion to Revoke Bond (d/e 42), seeking to revoke Regina Evans' bond in this case based on the averments in the Affidavit (Affidavit) supporting the Criminal Complaint.  This Court set the Motion to Revoke Bond for hearing on March 25, 2013, at 10:30 a.m., to be heard along with the preliminary hearing and the detention hearing in the 2013 Case.

On March 20, 2013, Regina Evans filed a motion to allow a witness to testify by videoconference.  Regina Evans subpoenaed a witness, Ashley Simon, to testify at the March 25th hearing.  Simon lives in Chicago.  Simon's lawyer informed defense counsel that Simon is suffering from a difficult pregnancy and would have difficulty traveling to Springfield for the hearing.  She requested to testify by videoconference.  She asked to

appear at a courtroom in the U.S. District Court for the Northern District of Illinois and testify from that location.  Regina Evans has presented this request to the Court.

The Government objects unless Regina Evans identifies the matter on which Simon will testify and demonstrates that the testimony will be relevant to the issue of probable cause.  Simon is a potential witness in the 2013 Case, and the Government objects to Regina Evans questioning Simon under oath in order to conduct discovery in the 2013 Case rather than address the issues relevant to the hearing in this case.  Simon's statements to law enforcement officials and her cooperation in recording conversations with Regina Evans form the basis of most of the averments in the Affidavit.  The Government argues that a defendant is not allowed to use a preliminary hearing to conduct discovery.  See United States v. Wilkins, 422 F. Supp. 1371, 1374 (D. Pa. 1976) judgment vacated on other grounds, 441 U.S. 468 (1979) (per curiam).  The Government does not raise any objection to the requested method of testimony by video conference.

Regina Evans responds that she is allowed to call witnesses at preliminary hearings and detention hearings.  See 18 U.S.C.

§ 3142(f)(2)(B) and Fed. R. Crim. P. 5.1(e).  Regina Evans also states that Simon will also testify concerning the credibility of the statements in the affidavit supporting the Criminal Complaint in the 2013 Case, and about her relationship with Regina Evans, and whether Simon perceives any threat to her safety from Regina Evans because she is a potential witness in the 2013 Case.

Upon careful consideration, the Court finds that the Motion should be allowed over the Government's objections.  The request to revoke bond is based on the averments of witness tampering and obstruction of justice in the Affidavit.  <u>See</u> 18 U.S.C. § 3142(f)(2)(B).  The Government, further, intends to rely on the Affidavit to establish probable cause in the 2013 Case.  <u>Government's Response to Defendant Evans' Motion to Allow Testimony of Witness Via Videoconference (d/e 45)</u>, at 3.  Simon has personal knowledge regarding the credibility of many of the averments in the Affidavit.  Simon, therefore, may be able to offer relevant testimony on the credibility of those averments.  The risk that Regina Evans is a danger to the community, and particularly to Simon, is also relevant to the question of revocation of the bond.  <u>See</u> 18 U.S.C. §§ 3142(f)(2)(B) and 3142(g).  Simon, therefore, may also testify about this issue.

The Government vigorously argues in its Sur-reply that the Defendant is only calling Simon as a witness to conduct discovery. See Government's Sur-reply (d/e 49), at 2-4. The Court agrees that some of the areas of inquiry listed by Regina Evans in her reply are beyond the proper scope of the relevant issues at the March 25th hearing. See Defendant's Response to Government's Motion to Preclude Testimony of Witness (d/e 46) (Evans Reply), at 2-5.[1] Still, Defendant Regina Evans is entitled by rule and statute to call witnesses, and Simon has personal knowledge of matters relevant to the issues that will be before the Court at the hearing. The Government, further, has no objection to Simon testifying by videoconference. The Court, therefore, will allow the testimony by videoconference.

The Court, however, also agrees with the Government that the hearing should not be used to conduct discovery. Regina Evans' direct examination of Simon will be limited to the credibility of the averments in the Affidavit and to the risk of danger to Simon from Defendant Regina Evans. Counsel for Regina Evans will not be allowed to inquire into other areas, including but not limited to, other conversations that are not set forth in the Affidavit that Simon may have had with law enforcement officials or

---

[1] The Court refers to the pagination placed on the response by the Court's CM/ECF electronic filing system because the pages of the response are not numbered.

others (including any Defendant or any defense counsel) and the facts and circumstances of such other conversations, other tape recorded conversations that are not mentioned in the Affidavit and the facts and circumstances of such recordings, any agreements or negotiations that Simon may have had with the Government or law enforcement officials, and any matters regarding any "lack of any constitutional safeguards she was given when she was launched at the represented defendant by the government." Evans Reply, at 5.  As Defendant Regina Evans concedes, the issue of the legality of the evidence used to establish probable cause is not relevant for the hearing on March 25th.  Evans Reply, at 4.  The only issues identified by Regina Evans to which Simon may testify are the credibility of the Averments in the Affidavit and the risk of danger to Simon by Regina Evans.

    The Court further notes that Simon's counsel should confer with Simon regarding her current circumstance and her Fifth Amendment right not to testify against herself.  The Affidavit indicates that Simon may be at risk for some criminal liability.  Simon's counsel, therefore, should thoroughly explain her position and her rights under the Fifth Amendment so that she may carefully consider her rights regarding answering

questions. Given the risk of self-incrimination, her counsel will be allowed to appear at the hearing with her via videoconference to advise her.

WHEREFORE Defendant Regina Evans' Motion to Allow Witness to Testify Via Videoconference Equipment (d/e 43) is ALLOWED. Counsel for Defendant Regina Evans is directed to contact the Clerk's Office for this District, the Clerk's Office for the U.S. District Court for the Northern District of Illinois, and counsel for witness Simon to arrange for the appearance of witness Simon by videoconference at the hearing scheduled before this Court on March 25, 2013, at 10:30 a.m. Defense counsel is further directed to provide Simon's counsel with a copy of this Opinion.

ENTER: March 22, 2013

                                                     *s/ Byron G. Cudmore*
                                    UNITED STATES MAGISTRATE JUDGE